Parker, J.
The plaintiff avers that on November 11th, 1895, he and the defendant Masterman entered into a partnership under the firm name and style of Townsend & Masterman, for the •purchase of a certain lease of oil lands, hereinafter described, and to develop and operate oil wells upon said territory. "That by the terms of said contract plaintiff and Masterman «were to be equal partners, and were to share in the profits, ■and bear and pay the debts of said partnership business in •equal proportion, and own equal interests in the property •of the partnership. That thereupon’ each paid into a partnership fund two hundred and fifty dollars, and said partnership thereupon purchased and became the owner of a lease for oil and gas purposes in certain real estate in San--dusky county, described in the petition, together with the wells and machiney, tanks, etc., upon said premises. That •said firm has been in the actual and open possession of said property, and has continually held, used and operated the .¡same ever since,^and that]for the purpose of carrying on its *78 said business, said partnership borrowed from plaintiff, on< or about November 4th, 1895, seven thousand dollars; that-the same was paid to said firm by plaintiff, and was used in the business and operation of said firm. Said partnership-is still indebted to said plaintiff for the sum of seven thous- and dollars and interest. That Masterman has become insolvent, and has, by transfer to.F. H. Steel, incumbered his-interest in the partnership property. That Steel acquired whatever interest he has in the property on account of a preexisúng debt, and with full notice of the partnership character of the property, and of the rights of the partnership in the premises; that the business of the partnership cannot be longer prosecuted, and plaintiff prays for the taking of an-account of the affairs of the firm, of the debts and property thereof, and for a sale of the property and application thereof to the discharge of the partnership debts. By way of supplemental petition he sets forth that, since the beginning of the suit, said Steel has sold part of the oil anc appropri-' ated the proceeds to his own use, and has otherwise interfered with the rights of plaintiff and the firm.
Upon plaintiff’s prayer Steel was enjoined from selling-any more oil, but by arrangement between the parties the oil has been sold from time to time, and the proceeds have-been brought into court to abide the judgment and order of the court in the case. The parties to this suit are all parties-to the suit of B. N. Ervin v. William M. Masterman et al. just decided, and the claim of the defendant Steel in this-case, ffhich is set forth in his answer, arises oni of the same loan and transaction between him and Masterman referred to-in the other case. The discussion of the facts and the law in the case just decided make it unnecessary to do more in this case than to refer to such facts as are peculiar to it, and to the law applicable thereto. It appears that in this case a partnership was formed between Townsend and Masterman; that a partnership fundi *79 was created by their contribution, and that the leasehold in the first instance was purchased with such partnership funds. The title to the leasehold was taken to H. W. Townsend and W. M. Masterman, but it is clear that the purpose was to acquire the property for the firm of Townsend & Master-man, and the legal results of this transaction have already been sufficiently discussed. This case differs from the other in this, that the gross product was not divided; that each did not sell or control an undivided one half thereof, but that the same was run to the credit of Townsend & Master-man, and was sold from time to time by Townsend & Masterman. It also appears that all of the business was transacted in the firm name of Townsend & Masterman. We think that the defendant, Steel, was fairly apprised of the fact that this property was owned and the business was being transacted by a partnership composed of the plaintiff Townsend, and the defendant Masterman. At all events, such facts were brought to his attention as would fairly put him upon inquiry, and would charge him with the knowledge he would have acquired by reasonable investigation or inquiry.
Bartlett & Wilson, Andrews & Andrews, for Plaintiff. ■
Swayne, Hayes & Tyler, for Defendants.
The assignment under which he claims is the same as has been read in deciding the other case. It is a security taken for a pre-existing debt without any new or additional ' consideration. The plaintiff is not only one of the partners, but is a creditor, and is interested in the enforcement of the partners’ lien.
The decree will be entered in accordance with this opinion in favor of the plaintiff, and costs to be paid out of the partnership property, the same as in case of Ervin VMasterman et al., just decided.